UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────
PAUL MAUCHA,
                      Plaintiff,

            -v-

BANK OF NEW YORK MELLON
(AKA THE BANK OF NEW YORK), AS
INDENTURE TRUSTEE FOR CWHEQ
REVOLVING HOME EQUITY LOAN
TRUST, SERIES 2007-E,
                      Defendant.
───────────────────────────────

22-CV-968 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

    Plaintiff Paul Maucha, proceeding *pro se*, brings this action against the Bank of New York Mellon ("BNYM"), asserting claims related to a property located at 5721 Potomac Ave NW (the "Potomac Ave property") in Washington, DC, where he resides.[1] BNYM filed a motion to dismiss on April 28, 2022. Maucha did not file a response to this motion to dismiss, despite being reminded to do so by the Court (*see* Dkt. No. 16), and instead filed a motion for default judgment. (Dkt. No. 17.)

    For the reasons that follow, Maucha's motion for default judgment is denied and BNYM's motion to dismiss is granted.

**I.    Background**[2]

    Maucha's complaint consists of 86 pages, the first fifteen of which lay out his claims in this case. The rest consist of exhibits and excerpts of previous court proceedings relating to the

---

[1] While Maucha originally sued nine additional parties, they were not served and Maucha voluntarily dismissed his claims against them. (*See* Dkt. No. 16.)

[2] The following facts are taken from the complaint (Dkt. No. 1, "Compl.") and assumed as true for the purpose of this motion.

Potomac Ave property, which has been the subject of litigation in various District of Columbia courts since 2007. (*See generally* Compl.) In September 2007, Maucha and two others signed a lease to live in the Potomac Ave property, then owned by Valda Crowder. Shortly thereafter, Maucha and the other tenants began to receive flyers posted on the property claiming that the property had been foreclosed upon on November 21st, 2007, and identifying the successful bidder at the auction.

Though Maucha lists a slew of claims,[3] the gravamen of his complaint is his contention that the 2007 foreclosure sale of the Potomac Ave property did not actually occur or was otherwise invalid. (*See* Compl. at 10 – 11.) Maucha therefore claims that the subsequent financial entities that have purported to own it, including BNYM, did not actually have any legal right to any actions pertaining to it, including attempts to evict him and collect rent from him. He further claims that these efforts to collect rent, evict him, and sell the property are part of a conspiracy and harassment campaign against him organized between the financial entities.[4] He claims he is entitled to $15 million in damages as a result.

Defendant BNYM moves to dismiss this action pursuant to Rule 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6). BNYM's briefing on Rules 12(b)(1), 12(b)(2), and 12(b)(3), however,

---

[3] On the first page and in a footer throughout, Maucha claims that this is an action for: "general, specific, statutory, attorney costs and fees and punitive damages for theft by conversion contravention residential mortgage act [*sic*], banking and finance misrepresentations by a non existent [*sic*] entity, contract fraud against public policy, slander title; fraudulent conveyance of title, fraudulent eviction proccedings [*sic*], violation of FHA, violation of debt collections, breach of duty of good faith and fair dealing, deed fraud, invasion of privacy, trespass, emotional distress, breach of legal duty, extortion, threats, stalking harassment, unjust enrichment and libel." (Compl. at 1.)

[4] Maucha also asserts, without factual support, that the attorneys who represented these various financial entities at court appearances did so fraudulently and were never retained, but as all claims against these individual attorneys have been dismissed, the Court need not address these allegations here.

has been substantially mooted by Maucha's dismissal of the other, non-diverse, non-New York defendants in the case. Accordingly, this Opinion and Order focuses on Defendant's motion to dismiss under Rule 12(b)(6).

## II. Legal Standard

Rule 12(b)(6) authorizes a district court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim, a complainant must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This means that a complaint is properly dismissed where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. A complaint is also properly dismissed "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

Plaintiff is proceeding *pro se*. "It is well-established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Id.*

## III. Discussion

First, there is the matter of Maucha's motion for default judgment. BNYM filed a timely motion to dismiss. It is not in default. (*See* Dkt. No. 8.) Maucha's claim that neither of BNYM's attorneys actually represent the BNYM is based on a misunderstanding of standard language in their notices of appearance. Maucha's motion for default judgment is denied.

3

Second, BNYM argues that this case should be dismissed under Rule 12(b)(6) based on the doctrines of *res judicata* and collateral estoppel. "The doctrine of *res judicata*, or claim preclusion, holds that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (quotation and citation omitted). "Issue preclusion, also referred to as collateral estoppel, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to [a] prior judgment.'" *Cayuga Nation v. Tanner*, 6 F.4th 361, 374 (2d Cir. 2021) (quotation omitted).

The thrust of Maucha's complaint, construed liberally, is a challenge to the validity of the 2007 foreclosure sale. Though he embellishes this allegation with assertions of conspiracy, all his claims necessarily depend on the invalidity of the 2007 foreclosure sale. The validity of that sale has already been litigated and confirmed in two other courts of competent jurisdiction.[5]

In the first of the cases addressing the ownership of the Potomac Ave Property, Crowder, Maucha's former landlord, challenged the foreclosure sale in the Bankruptcy Court for the District of Columbia. That court confirmed the validity of the sale. (*See* Dkt. No. 10-11.)

To prove *res judicata*, the party must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan*, 214 F.3d at 285 (citations omitted).

Maucha was not himself a party to this action. The doctrine of *res judicata*, however, "may also preclude claims by parties who were not involved in the earlier lawsuit." *Chase*

---

[5] Notably, the United States District Court for the District of Columbia has already dismissed a similar case brought by Crowder on the grounds of *res judicata*. *See Crowder v. Bierman, Geesing, & Ward LLC*, 713 F. Supp. 2d 6, 10 (D.D.C. 2010).

4

*Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 345 (2d Cir. 1995). *Res Judicata* may preclude a claim against a non-party where "an asserted claim is identical to one that has been previously litigated" and where "the precluded party's interests have been represented in a previous lawsuit." *Id.* This includes both when the precluded party had formal representation in the previous lawsuit and "when the interests involved in the prior litigation are virtually identical to those in later litigation." *Id.*

Maucha's claim in this lawsuit distills down to the exact same claim Crowder asserted in the Bankruptcy Court: that the 2007 sale of the Potomac Ave property was invalid. In making this claim, the interests of Maucha and Crowder are aligned. *See also Crowder*, 713 F. Supp. 2d at 10 (concluding that Crowder was likewise barred by Maucha's argument regarding the sale of the property in a different case because "he stood in her place and argued that [the current owner] was not the rightful owner of the property."). That action involved an adjudication on the merits of the claim. Though the record submitted to the Court in this action does not reveal exactly on what grounds Crowder challenged the sale, the same claims that Maucha brings here naturally could and would have been brought in that action. Accordingly, Maucha is barred by *res judicata.*

Maucha himself also litigated the validity of the foreclosure sale, as well as his claims of persecution and harassment. In 2009, Maucha sued the then-owner of the property for harassment, alleging "an attempt to unlawfully evict Plaintiff Maucha from the property." (*See* Dkt. No. 10-14.) The court concluded that the foreclosure sale was valid, and that Maucha's claims of harassment stemmed from the defendant in the case "attempting to gain access upon behalf of the true owner to inspect the property for a future sale." (*Id.* at 2.) Concurrently, Maucha was the defendant in a landlord-tenant action for non-payment of rent in DC court,

where the court *also* confirmed the foreclosure sale's validity. (*See* Dkt. No. 10-13 at 5; Dkt. No. 10-14 at 3.)

To prove collateral estoppel, a party must show that "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Id.* (quotation omitted). Each of these factors is met here. The validity of the foreclosure sale has already been litigated and confirmed in at least two other courts, and confirmed by a third. *See Crowder v. Bierman, Geesing, & Ward LLC*, 713 F. Supp. 2d 6, 10 (D.D.C. 2010) (dismissing a similar action by Maucha's former landlord on the basis of *res judicata*.) Maucha cannot bring the case anew in this Court.

Furthermore, amendment would be futile as the claims Maucha brings are barred under *res judicata* and collateral estoppel. Accordingly, this case is dismissed with prejudice.

### IV. Conclusion

Maucha's motion for default judgment is hereby DENIED. Defendant BNYM's motion to dismiss is hereby GRANTED and the complaint is DISMISSED WITH PREJUDICE.

The Clerk of Court is directed to close the motions at Docket Numbers 8 and 17, to close the case, and to mail a copy of this order to the *pro se* Plaintiff.

SO ORDERED.

Dated: January 20, 2023
      New York, New York

_____
J. PAUL OETKEN
United States District Judge

6